F. W. HEATON, *Appellee*, v. THE ST. PAUL FIRE &
MARINE INSURANCE COMPANY, *Appellant*.

No. 18,233.

SYLLABUS BY THE COURT.

1. INSURANCE — *Live Stock* — *Death of Animal by Lightning
Proven*. The circumstances in evidence are held sufficient to
support a judgment to the effect that the death of an animal
was caused by lightning.

2. EVIDENCE—*Expert Witness*. A witness experienced in the
business of stock raising is qualified to testify to his knowl-
edge of the condition of the bodies of animals killed by
lightning.

Appeal from Seward district court. Opinion filed
June 7, 1913. Affirmed.

*E. L. Foulke,* and *C. A. Matson,* both of Wichita, for
the appellant.

*F. S. Macy,* of Liberal, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Action upon a policy of insurance cover-
ing live stock. Paintiff recovered judgment in the
sum of $150 for the loss of a mare alleged to have been
killed by lightning.

The policy was in the usual form and insured against
loss by lightning, the value of each animal being limited
to $150. The sole defense was that the animal was not
killed by lightning. There was no direct evidence of
the cause of the loss, but it was shown that on the day
before the mare was found dead she was alive and well
in the pasture. A severe electrical storm accompanied
with lightning and rain commenced about nine o'clock
that evening. It was general in the vicinity of the
pasture and it continued most of the night. The mare
was found dead the next morning, lying about 100
yards from the north and the same distance from the
east line of the pasture. The fence on the east and west

was shattered and several posts were torn to pieces. In the opinion of a witness who examined it the fence appeared to have been struck by lightning. There were no marks or bruises on the animal. The objections to the rulings of the court are founded upon the admission of the evidence of two or three witnesses, who claimed to have seen animals killed by lightning, the bodies of which afterwards bore no marks or bruises indicating the cause of death. One witness testified that he saw an animal killed by lightning; that he was thirty or forty yards away when he saw it fall; that afterwards he skinned and examined the body and that there were no marks of violence or burns or bruises on the animal. Another witness who had examined the bodies of nine animals killed in the same manner testified to the same effect respecting the absence of burns or bruises. All these witnesses were experienced in the business of stock raising. They were not asked to testify to their opinion of the cause of the death of the animal in question. They were certainly qualified to testify to their knowledge gained from observation and experience. We find no error in the rulings upon the admission of testimony. The evidence in our opinion was sufficient to sustain the judgment and it is affirmed.